# United States Tax Court

T.C. Memo. 2025-113

RICHARD STEVEN HARRIS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 30097-21.                    Filed November 4, 2025.

————

Richard Steven Harris, pro se.

*Kyu-Jung Kahn*, *Jonathan D. Walker*, *Andrew J. Davis*, and *Michael T. Garrett*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

WEILER, *Judge*: This case arises from a Notice of Deficiency dated June 21, 2021, in which the Internal Revenue Service (IRS or respondent) determined income tax deficiencies of $18,233 and $30,796 and accuracy-related penalties under section 6662(a)[1] of $3,646 and $6,159 for tax years 2016 and 2017, respectively.

After concessions, the issues for decision are whether petitioner (1) was entitled to claim a deduction for unreimbursed employee business expenses for tax year 2017; (2) was entitled to deduct depreciation and section 179 expenses for tax year 2017; (3) was entitled to section 179D deductions for tax years 2016 and 2017; (4) is liable for

____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C. or Code), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[*2]** accuracy-related penalties under section 6662(a) for tax years 2016 and 2017; and (5) was eligible to claim the Earned Income Tax Credit (EITC) for tax year 2016 and, if not, should then be subject to the two-year EITC ban for tax years 2017 and 2018 under section 32(k)(1)(B)(ii) as determined by respondent.[2]

### FINDINGS OF FACT

Some of the facts are stipulated and so found. The First Stipulation of Facts, as supplemented, and the attached Exhibits are incorporated herein by this reference. Petitioner resided in Colorado when he timely filed his Petition.

In 2016 petitioner was hired by Lighting Unlimited, Inc. (Lighting Unlimited), for an outside sales position. At some point during 2016 his position changed from outside sales to sales manager, and he remained in that role for the entire 2017 tax year. While working at Lighting Unlimited petitioner earned wages for tax years 2016 and 2017 of $103,568 and $153,106, respectively. Petitioner worked full time for Lighting Unlimited and did not have any other business activities during the 2016 and 2017 tax years. Under his terms of employment, petitioner was eligible for reimbursement of travel expenses, offered benefits (including health, vision, dental, and retirement), and a company laptop.

During the relevant periods Lighting Unlimited entered into contracts with four public agencies within the State of Arizona, including the Arizona Department of Administration, the Arizona Department of Environmental Quality, the Arizona Department of Health Services, and the Agua Fria Unified School District. These public agencies retained Lighting Unlimited on four projects, namely (1) the Arizona Department of Administration building at 100 North 15th Avenue, Phoenix, Arizona; (2) the Arizona Department of Environmental Quality building at 1110 W. Washington Street, Phoenix; (3) the Arizona Department of Health Services building at 150 N. 18th Street, Phoenix; and (4) the Agua Fria Unified School District–The Verrado High School building at 20050 W. Buckeye Road, Buckeye, Arizona (collectively, Projects).

ICS Tax, LLC (ICS), was retained by Lighting Unlimited to prepare a study to determine the amount of section 179D Energy

---

[2] All remaining adjustments in the Notice of Deficiency are computational including the EITC, child tax credit, and additional child tax credit.

[*3] Efficient Commercial Building Deductions which resulted from two of the Projects: the Arizona Department of Environmental Quality building and the Arizona Department of Administration building (collectively, Building Projects).[3] ICS's study reflects that a section 179D deduction of $849,998 was available to Lighting Unlimited regarding the Building Projects. Attached to the ICS study were Certificates of Compliance from Austin Hermsen, P.E., who calculated a total deduction of $534,000 relating to the Arizona Department of Environmental Quality building and a total deduction of $315,998 for the Arizona Department of Administration building. Also included with ICS's study were signed Allocation of 179D Energy Efficient Commercial Building Deduction Forms, listing petitioner as the designer regarding the Building Projects. The forms stated that the Building Projects were "[c]ompleted 12/2017" with $177,982 and $105,322, respectively, as the total deductions allocated to petitioner. These allocation forms were signed on June 28, 2018, by petitioner as the designer and by Neil Urban Planning and Construction Services as the authorized governmental representative.[4]

Petitioner prepared his Forms 1040, U.S. Individual Income Tax Return, for the 2016 and 2017 tax years. With his 2016 tax return petitioner included Schedule C, Profit or Loss From Business, designating himself as proprietor and Lighting Design as the principal business or profession, reporting zero income, and listing $74,000 in other expenses, resulting in a total loss of $74,000. In Part V detailing his "Other Expenses," petitioner wrote that the $74,000 expense was a "179D deduction assigned to me as designer." Petitioner also claimed the EITC of $3,871 for the 2016 tax year. With his 2017 tax return, petitioner again included Schedule C designating himself as proprietor and Certified Light Designer as the principal business or profession, reporting again zero income, reporting a depreciation and section 179 deduction of $44,606, and listing $108,500 in other expenses, resulting in a total loss of $153,106. In Part V detailing his "Other Expenses," petitioner listed the $108,500 expense as a "section 179D tax deduction assignment." With his 2017 tax return petitioner also included Schedule A, Itemized Deductions, reporting $16,388 as unreimbursed employee business expenses after a reduction of the 2% floor imposed by

---

[3] The ICS study is limited to the Arizona Department of Environmental Quality and Arizona Department of Administration buildings for taxable year 2017.

[4] Additional Allocation Forms were included in this same ICS study with the remaining amounts for the two Projects being allocated to Cory Schneider and Scott Schneider, also listed as designers, for the same amounts, $177,982 and $105,322.

**[\*4]** section 67(a).[5] Petitioner reported a tax liability of $2 on his 2016 tax return which resulted in his claiming a refund of nearly all of his federal tax withholdings. Similarly, for tax year 2017, he reported a tax liability of zero which also resulted in his claiming a refund of all his federal tax withholdings.

Respondent selected petitioner's 2016 and 2017 tax returns for examination, and on June 21, 2021, respondent issued petitioner a Notice of Deficiency determining tax deficiencies of $18,233 and $30,796 and accuracy-related penalties under section 6662(a) and (b)(1) and (2) of $3,647 and $6,159 for underpayments of tax required to be shown on a return attributable to either negligence and/or substantial understatements of income tax for tax years 2016 and 2017, respectively.[6]

OPINION

I. *General Legal Principles*

Generally, the Commissioner's determination of a taxpayer's liability in a Notice of Deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[7] Deductions are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction claimed. Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. I.R.C. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*,

---

[5] In 2017 petitioner claimed other itemized deductions on his Schedule A, including state and local taxes paid and gifts to charity; however, these itemized deductions were not examined by IRS.

[6] On brief respondent fails to address whether the substantial valuation overstatement penalty applies. We therefore determine respondent has waived application of an accuracy-related penalty, based on a substantial valuation overstatement by petitioner. *See* Rule 151(e)(3).

[7] Section 7491(a)(1) shifts the burden of proof to the Commissioner in certain defined circumstances. Petitioner does not contend, nor does the record suggest, that it does so here. Therefore, the burden remains with petitioner.

[*5] 540 F.2d 821 (5th Cir. 1976). A taxpayer must substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. I.R.C. § 6001; *Hradesky*, 65 T.C. at 89–90.

II.    *Unreimbursed Employee Expenses*

Generally, a taxpayer may deduct unreimbursed employee business expenses as an ordinary and necessary business expense under section 162. *Lucas v. Commissioner*, 79 T.C. 1, 6 (1982); *Primuth v. Commissioner*, 54 T.C. 374, 377 (1970). Miscellaneous itemized deductions are allowed only to the extent that, in the aggregate, they exceed 2% of adjusted gross income. I.R.C. § 67(a). Deductible expenses allowed under section 67(a) include unreimbursed employee expenses such as expenses for transportation, travel fares and lodging while away from home, business meals and entertainment, and professional uniforms. *See* Temp. Treas. Reg. § 1.67-1T(a)(1)(i).

To the extent that a taxpayer is entitled to (but does not claim) reimbursement from his or her employer for expenditures related to his or her status as an employee, a deduction for an expense under section 162(a) is not allowed since such expenses are not considered "necessary." *Orvis v. Commissioner*, 788 F.2d 1406, 1408 (9th Cir. 1986), *aff'g* T.C. Memo. 1984-533; *Lucas*, 79 T.C. at 7; *Podems v. Commissioner*, 24 T.C. 21, 22–23 (1955). Moreover, certain business expenses may not be estimated because of the strict substantiation requirements of section 274(d). *Sanford v. Commissioner*, 50 T.C. 823, 827–28 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969). For such expenses, only certain types of documentary evidence will suffice. *Id.*

At trial petitioner testified that he paid approximately $17,000 for his portion of the ICS study in July 2018. Petitioner, however, is a cash basis taxpayer; accordingly, it is not appropriate to report as an expense for tax year 2017 an expense paid in tax year 2018. *See* Treas. Reg. § 1.461-1(a)(1); *see also Harwood v. Commissioner*, T.C. Memo. 2022-8, at *13 ("As a general rule, a cash basis taxpayer deducts expenses for the year of payment."). Furthermore, petitioner has presented no evidence (other than his self-serving testimony) that could justify this expense as an ordinary and necessary expense he incurred on behalf of his employer. The employment contract between petitioner and Lighting Unlimited expressly calls for reimbursement of certain traditional employee expenses; accordingly, we conclude petitioner has failed to establish how this expenditure was made in year 2017 and that

[*6] it was a necessary business expense. *See Lucas*, 79 T.C. at 7. Consequently, respondent's disallowance of this deduction is sustained.

III.    *Depreciation and Section 179 Expense Deduction*

Respondent disallowed petitioner's depreciation and section 179 expense deduction claimed on his Schedule C for tax year 2017. Respondent contends that petitioner is not eligible to claim this deduction since petitioner did not otherwise conduct a trade or business during taxable year 2017. We agree with respondent's argument here.

Section 162(a) permits a taxpayer to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Proof of an ordinary and necessary expense requires more than "[a] taxpayer's general statement that expenses were paid in pursuit of a trade or business." *Sham v. Commissioner*, T.C. Memo. 2020-119, at *58. Personal expenses are generally not allowed as deductions. *See* I.R.C. § 262(a). An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, *Deputy v. du Pont*, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, *Commissioner v. Heininger*, 320 U.S. 467, 471 (1943); Treas. Reg. § 1.162-1(a). Whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. *See Commissioner v. Heininger*, 320 U.S. at 475.

As a threshold matter, and to determine eligibility for a depreciation and section 179 expense deduction, we must first determine whether petitioner's activities during the relevant tax year constituted a trade or business. *See* I.R.C. §§ 179(b)(3), 167(a)(1). Neither the Code nor the regulations provide a generally applicable definition of a "trade or business." *Commissioner v. Groetzinger*, 480 U.S. 23, 27 (1987). Therefore, determining the existence of a trade or business requires an examination of the facts in each case. *Id.* at 36; *see also Sestak v. Commissioner*, T.C. Memo. 2022-41, at *7.

When examining the facts of each case to determine whether a trade or business exists, we are to focus on whether (1) the taxpayer undertook the activity intending to earn a profit; (2) the taxpayer is regularly and actively involved in the activity; and (3) the taxpayer's activity has actually commenced. *See, e.g.*, *Sestak*, T.C. Memo. 2022-41, at *7; *Weaver v. Commissioner*, T.C. Memo. 2004-108, 2004 WL 938293, at *6. Since petitioner has failed to present evidence at trial showing he

[*7] incurred expenses relating to or otherwise undertook any trade or business for the relevant tax period, we find none of these elements present in this case. Petitioner, rather, has stipulated that he was an employee during the tax period, and he testified that his claimed Schedule C deduction related to his role as an employee of Lighting Unlimited.

Accordingly, we hold that petitioner has not met his burden with respect to the claimed deduction; thus, respondent's disallowance of petitioner's depreciation and section 179 expense deduction claimed on Schedule C for taxable year 2017 is sustained.

IV.     *Section 179D Deduction*

Section 179D provides a deduction with respect to energy efficient commercial buildings. Ordinarily, when a taxpayer incurs expenses for improvements to buildings or other property, the taxpayer is required to capitalize the expenditures and may recover the costs over time through deductions for depreciation or amortization. *See* I.R.C. §§ 167, 168, 263. Section 179D instead allows taxpayers an immediate deduction with respect to expenditures for energy efficient improvements to commercial building property. *Johnson v. Commissioner*, 160 T.C. 18, 28–29 (2023).

Section 179D(c)(1) defines "energy efficient commercial building property" (EECBP) as property which includes interior lighting systems, cooling, heating, ventilation, and hot water systems, or building envelopes installed on buildings within the United States. In the case of EECBP installed on or in property owned by a federal, state, or local government, or a political division thereof, section 179D(d)(4) provides that "the Secretary shall promulgate a regulation to allow the allocation of the deduction to the person primarily responsible for designing the property in lieu of the owner of such property."[8] Pursuant to section 179D(d)(4), we refer to that person (i.e., the person primarily responsible for designing the property) as the "designer," and the designer "shall be treated as the taxpayer for purposes of this section." *See Johnson*, 160 T.C. at 29–31.

Petitioner contends he is a designer as intended under the Code and therefore eligible to claim his portion of the section 179D deduction derived from the EECBP installed by Lighting Unlimited for the

_____

[8] To date no regulation has been issued to allocate the deduction to a designer relating to EECBP installed on or in property owned by a federal, state, or local government, or a political division.

[*8] Building Projects. Respondent, however, contends petitioner is not a designer and therefore ineligible to claim the deduction. Respondent also contends that petitioner was an employee for tax years 2016 and 2017 and not an independent contractor of Lighting Unlimited; therefore, he did not have a Schedule C business for those same years to claim the deduction. We agree with respondent's first argument and conclude petitioner is not a designer.

First, other than self-serving testimony he offers, petitioner fails to establish that he was a designer for the Building Projects. In *Johnson*, 160 T.C. at 41, we concluded that the taxpayer was a designer because he

> analyzed the original sequence of operations to determine how the existing systems were intended to operate, inspected the existing systems to determine how they were actually operating in comparison to the original sequence of operations (i.e., to identify any failures or ad hoc changes made to the original sequence of operations), and modified or changed the sequence of operations as necessary to better operate the systems. . . . We conclude that, in modifying the sequence of operations to better operate the systems and programming the modified sequence of operations into the new Johnson control systems, Edwards created the technical specifications for the installation of the EECBP at issue.

Here, however, on the basis of the limited evidence before us, we are unable to make such a conclusion. Accordingly, we hold petitioner is not a designer as intended under section 179D(d)(4); thus, respondent's disallowance of this deduction is sustained.

V.    *Accuracy-Related Penalties*

Respondent determined that petitioner is liable for accuracy-related penalties for substantial understatements of income tax and/or negligence under section 6662(a) and (b)(1) and (2) for tax years 2016 and 2017.

Section 6662(a) and (b)(1) and (2) imposes a penalty equal to 20% of the portion of an underpayment of tax required to be shown on a return attributable to a taxpayer's negligence or disregard of rules or regulations or to any substantial understatement of income tax. An understatement is "substantial" if it exceeds the greater of 10% of the

**[\*9]** tax required to be shown on the return for the tax year or $5,000. I.R.C. § 6662(d)(1) and (2). Negligence includes any failure to make a reasonable attempt to comply with the provisions of the Code, including any failure to maintain adequate books and records or to substantiate items properly. I.R.C. § 6662(c); Treas. Reg. § 1.6662-3(b)(1).

Respondent bears the burden of production to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. *See* I.R.C. § 7491(c). Petitioner's understatements for tax years 2016 and 2017 are both substantial since they exceed the greater of 10% of the tax required to be shown on the return or $5,000. Therefore, respondent has met his burden of production as to the penalty by showing that petitioner substantially understated his income tax for these years.

Section 6751(b)(1) provides that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination." The parties have stipulated that the initial determination of the penalties was timely approved in writing by the immediate supervisor of the IRS employee who made the determination, as required under section 6751(b). We accept this stipulation and accordingly need not decide the issue.

A taxpayer may avoid a section 6662(a) penalty by showing that there was reasonable cause for the underpayment and that the taxpayer acted in good faith. I.R.C. § 6664(c)(1); *Higbee v. Commissioner*, 116 T.C. 438, 446–48 (2001). The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances, including the taxpayer's efforts to assess the proper tax liability and the taxpayer's knowledge, experience, and education. Treas. Reg. § 1.6664-4(b)(1).

Respondent asserts that "[o]ther than insisting his returns are correct as filed . . . petitioner introduced no evidence at trial that he would qualify for an exception to the § 6662 penalty." We agree. Petitioner has offered no corroborating evidence to substantiate his position, nor are we convinced that he acted reasonably in preparing his returns. Consequently, we conclude that petitioner has failed to establish reasonable cause, and we therefore hold that petitioner is liable for accuracy-related penalties under section 6662(a) and (b)(2)

**[\*10]** based on his substantial understatements of income tax for tax years 2016 and 2017.

VI.    *EITC Credit*

For tax year 2016 the maximum allowed adjusted gross income (AGI) to claim any amount of the EITC under section 32 for a taxpayer filing as head of household with three or more qualifying children was $47,955. *See* Rev. Proc. 2015-53, § 3.06(1), 2015-44 I.R.B. 615, 619. Respondent contends petitioner's AGI for tax year 2016 would have been $103,568 but for petitioner's overstated section 179D claim; therefore, petitioner is not eligible to claim the EITC for his 2016 tax year. We agree with respondent and hold petitioner is not eligible to claim the EITC for tax year 2016.

On brief respondent requests that we determine that petitioner is subject to a two-year disallowance period following the 2016 tax year. The Notice of Deficiency put petitioner on notice that respondent intended to apply a two-year EITC ban due to reckless or intentional disregard of IRS rules and regulations. Under section 32(k)(1), restrictions, such as disallowance periods, can be placed on taxpayers that have made prior fraudulent or reckless claims. No EITC shall be allowed for any taxable year during the disallowance period. *See* I.R.C. § 32(k)(1). The applicable disallowance period is two tax years beginning after the most recent tax year for which there was a final determination that the taxpayer's claim of the EITC was due to reckless or intentional disregard of rules and regulations other than through fraud. I.R.C. § 32(k)(1)(B)(ii).

Respondent did not address on brief, nor does he include proposed findings of fact which would support, a two-year EITC ban due to petitioner's "reckless or intentional disregard of rules and regulations" as required under section 32(k)(1)(B)(ii). Equally, for tax year 2017, petitioner did not claim the EITC. Tax year 2018 is not before us and presumably closed to adjustment. Accordingly, while the issue was raised, we find it to now be moot. *Cf. Degourville v. Commissioner*, T.C. Memo. 2022-93, at \*17. Therefore, we will refrain from ruling on whether petitioner is subject to the proposed two-year EITC ban.

We have considered all of the arguments that the parties made, and to the extent they are not addressed herein, we find the arguments to be moot, irrelevant, or without merit.

**[\*11]**  To reflect the foregoing,

*Decision will be entered for respondent.*